# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:17-CR-01-JVB-JEM |
| | ) | |
| TRAVIS JAMES BARRETT, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Notice of Insanity Defense [DE 29] filed by Defendant on May 23, 2018, and a Verified Motion Requesting Court Find Good Cause for Late Filing of Insanity Defense [DE 32], filed by Defendant on June 6, 2018. In the Notice of Insanity Defense, Defendant notifies the Court that he intends to assert an insanity defense at trial and requests that the Court order a psychiatric examination pursuant to 18 U.S.C. § 4242. The Court construed the Notice as a Motion and ordered briefing. On May 25, 2018, the Government filed a response requesting that the Court order Defendant to show cause as to why the Notice of Insanity Defense was filed fifteen months after the deadline for filing pretrial Motions and requesting that, if the Court finds good cause for the late filing, Defendant be ordered to undergo a mental health examination to determine the existence of insanity at the time of the alleged offenses. For its response, Defendant filed the instant motion requesting that the Court find good cause for its delay in filing its Notice. The Government has not filed any additional briefing, and the time to do so has passed.

    A.    <u>Timeliness of Notice</u>

In order to rely on an insanity defense at trial, a Defendant must file a notice "within the time provided for pretrial motions," unless a different date is set by the Court. Fed. R. Crim. P. 12.2(a).

1

In this case, the deadline to file pretrial motions expired on February 24, 2017, more than fifteen months before Defendant filed the instant Notice. Accordingly, Defendant cannot use an insanity defense at trial unless the Court finds good cause to allow for late notice. *Id.*

Defendant argues that his delay in filing was due to good cause. He points out that his current counsel first appeared in this matter on September 6, 2017, after the original pretrial motions deadline had expired; that the pretrial conference and jury trial setting have twice been postponed; and that Defendant and his counsel have both faced health challenges. Although it was after the initial deadline for pretrial motions expired, and he did not request extensions when requesting trial extensions, Defendant filed his written Notice over three months before the currently scheduled trial date in this matter. Furthermore, Counsel for Defendant represents that he had two discussions with the Government several months ago in which he indicated that Defendant might assert an insanity defense at trial. The fact that Defendant gave this oral notice, although it was not docketed as required by Rule 12.2, indicates that there was earlier notice given and lessens the prejudice suffered by the Government. Conversely, the potential prejudice to Defendant if the motion is denied would be great, as a rejection of the late Notice would foreclose use of the defense at trial.

Accordingly, the Court **GRANTS** Defendant's Verified Motion Requesting Court Find Good Cause for Late Filing of Insanity Defense [DE 32], finds that there was good cause for Defendant's late filing of its Notice of Insanity Defense, and **ACCEPTS** the late-filed Notice.

B. <u>Mental Health Examination</u>

When a defendant files notice that he intends to rely on the defense of insanity at trial, the Government is entitled to a court-ordered psychiatric or psychological examination of the defendant. 18 U.S.C. § 4242(a). Both the Government and Defendant have requested an examination.

Having considered the requests of the parties and noting their agreement, the Court hereby **GRANTS** the request for examination contained within the Notice [DE 29] and the Government's Response [DE 31] and **ORDERS**:

1. Pursuant to 18 U.S.C. § 4242 and § 4247(b) and (c), Defendant Travis James Barrett is committed to the custody of the United States Attorney General or designated representative for placement in a suitable facility closest to this Court for examination by a licensed or certified psychiatrist or psychologist. The period of commitment is for such a reasonable period of time as needed to fulfill the requirements of this Order, but not to exceed forty-five (45) days.[1] *See* 18 U.S.C. § 4247(b). The statutory commitment period provided in 18 U.S.C. § 4247(b) shall not commence until the day the Defendant arrives at the facility for evaluation.

2. Pursuant to 18 U.S.C. § 4247(c), the appropriate authorities of the facility shall render as soon as practicable a written report, which shall be filed with the Court, with copies to counsel for the Defendant and the Government. The report shall include:

    (a) The Defendant's history and present symptoms;

---

[1] The director of the facility may apply for a reasonable extension, but not to exceed thirty (30) days under section 4247(b). *See* 18 U.S.C. § 4247(b).

(b) A description of the psychiatric, psychological, and medical tests that were employed and their results;

(c) The examiner's findings; and

(d) The examiner's opinions as to diagnosis, prognosis, and whether at the time of the alleged offenses Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.

Because of the anticipated delays resulting from the psychiatric or psychological exam, the trial date in this matter must be continued. Taking into account the exercise of due diligence, the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and Defendant in a speedy trial, in that a failure to grant such a continuance would unreasonably deny Defendant the opportunity to assert a defense of insanity at trial. The period of delay resulting from this continuance is to be excluded in computing the time within which the trial of this case must commence pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(l)(A), 3161(h)(1)(D), 3161(h)(1)(F), and 3161(h)(1)(H).

The Court **VACATES** the current final pretrial conference and jury trial settings. The Court **SETS** the Final Pretrial Conference for **December 21, 2018, at 9:30 a.m.** (Central Time) before Magistrate Judge John E. Martin, and the Jury Trial as a primary criminal setting for **January 14, 2019, at 11:30 a.m. for the attorneys, 12:30 p.m. for the jury**, before District Court Judge Joseph S. Van Bokkelen.

Trial counsel are **ORDERED** to submit all pre-trial filings on or before the Final Pre-Trial Conference and to appear in person for the Final Pre-Trial Conference.

The Court **REMINDS** the parties that any plea agreement is to be filed in writing with the District Court no later than five (5) working days before trial. Late pleas may result in the imposition of jury costs against the delaying party(ies) and/or counsel by the District Court.

SO ORDERED this 27th day of June, 2018.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:  All counsel of record
     U.S. Marshal Service/Bureau of Prisons