UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CR-1-JVB-JEM |
| ) | |
| TRAVIS JAMES BARRETT, ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on an Emergency Motion for Sentence Reduction and Immediate Release Pursuant to U.S.S.C. § 3582(c)(1)(A) [DE 84], filed by Defendant Travis James Barrett on May 1, 2020. Defendant seeks "immediate release and home confinement" due to the COVID-19 pandemic and his personal risk factors. (Mot. 8, ECF No. 84). For the reasons set forth below, Defendant's motion is denied.

This matter is also before the Court on a Motion to Seal Document [DE 92], filed by Defendant on June 1, 2020, and on a Motion to Seal [DE 95], filed by the Government on June 8, 2020.

## BACKGROUND

On January 19, 2017, an Indictment was filed charging Defendant with (1) distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and (2) possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4). Defendant was arrested on January 23, 2017, pursuant to an arrest warrant. On January 10, 2019, Defendant pled guilty to possession of child pornography pursuant to a plea agreement. At the June 25, 2019 sentencing hearing, the Court accepted the plea agreement, dismissed the distribution count, and sentenced Defendant to 97 months imprisonment and ten years supervised release on the possession count. Defendant has

been in custody since his arrest and is currently confined at Federal Correctional Institution Elkton (FCI-Elkton) in Ohio. On July 1, 2019, Defendant filed a notice of appeal of the Judgment entered in this case to the Seventh Circuit Court of Appeals.

On May 1, 2020, Defendant filed the instant motion, asking to be released from prison in light of the COVID-19 pandemic. On May 4, 2020, the Court issued an Order referring this matter to the Federal Community Defender to consider filing a supplemental brief in support of Defendant's request. Counsel appeared for Defendant, and, on May 11, 2020, counsel filed a status report asking the Court to rule on the motion as filed. On May 18, 2020, the Government filed a response. Defendant, through counsel, filed a reply on June 1, 2020. The Government, without seeking leave of Court, filed a sur-response on June 4, 2020.

## ANALYSIS

As a preliminary matter, the materials sought to be filed and maintained under seal contain personal identifiers and medical information that ought to be maintained under seal. Therefore, the motions to seal are granted. However, no reason is presented to maintain the motions themselves under seal, so the seal on the motions will be lifted.

Defendant states that he has a high risk of contracting and possibly dying from the coronavirus due to multiple sclerosis, a history of hypertension, hypoglycemia, and his status as a former smoker. As clarified by counsel in the reply, Defendant requests that his term of imprisonment be converted to home confinement. (Rep. 3, ECF No. 91). The Government responds that the Court does not have jurisdiction to hear this motion due to Defendant's pending appeal to the Seventh Circuit Court of Appeals.

The Court addresses the jurisdictional question first. Here, Defendant is requesting a change in his location of confinement from FCI-Elkton to home confinement at his parents'

residence. The issue on appeal is whether a condition of Barrett's supervised release is unconstitutionally vague—that is, the appeal is on a different topic than the request before the Court.

"Ordinarily, filing a notice of appeal divests a district court of jurisdiction." *United States v. Ramer*, 787 F.3d 837, 838 (7th Cir. 2015). This rule "is a judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Terket v. Lund*, 623 F.2d 29, 33 (7th Cir. 1980) (quoting 9 Moore's Federal Practice ¶ 203.11, p. 3-45 n. 1 (2d ed. 1980)). Exceptions exist to the general rule, such as the district court's ability to modify conditions of supervised release or to address ancillary matters such as attorney fees and clerical mistakes. *Id.* at 838-39.

The priorities identified in *Terket* are inapplicable here. The issue before the court of appeals is not the issue Defendant brings to this Court. This distinguishes Defendant's case from the Seventh Circuit cases cited by the Government, *United States v. McHugh*, 528 F.3d 538 (7th Cir. 2008), and *Kusay v. United States*, 62 F.3d 192 (7th Cir. 1995).[1] The Government also cites *United States v. Campbell*, No. 6:06-CR-06105, 2020 WL 1958486, — F.3d — (W.D.N.Y. Apr. 21, 2020), which addresses the district court's ability to hear a request for compassionate release due to the pandemic. The Court, in light of the case law from the Seventh Circuit, respectfully declines to follow its sister court in New York and finds that because the issue on appeal is wholly separate from the issue brought before this Court, the Court has jurisdiction to resolve the matter.

The Court now turns to the merits of Defendant's motion. Defendant correctly identifies that, under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may *reduce* Defendant's term of imprisonment

---

[1] Further, given that the Court is denying the instant motion, *Kusay* supports a finding of jurisdiction here. *See Kusay*, 62 F.3d 192, 195 (7th Cir. 1995) ("Many cases . . . say that a district court may deny, but not grant, a post-judgment motion while an appeal is pending.").

if extraordinary and compelling reasons justify a modification. Defendant's request before the Court, however, is "that his term of imprisonment be converted to home detention." (Rep. 3, ECF No 91). This is a request to change not the length of the sentence but rather the location where the sentence is served. By statute, the authority to decide the location of imprisonment (including home confinement) rests with the Bureau of Prisons. *See* 18 U.S.C. §§ 3621(b); 3624(c)(2). Therefore, the Court cannot grant the requested relief of changing the location of Defendant's imprisonment to his parents' residence. *See United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (June 11, 2020).

To the extent Defendant's motion could be considered a request to reduce his sentence (and that he will merely reside with his parents instead of being placed in home confinement there), the motion is still unavailing.

The Center for Disease Control and Prevention has identified a number of medical conditions that (particularly if not well-controlled) can cause an individual to be at a higher risk for severe illness from COVID-19. *See* "People who are at high risk for severe illness," Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 16, 2020). Defendant has identified no conditions on this list. The closest fit is his "history of hypertension," which the Court declines to shoehorn into the category of "serious heart conditions." That this is listed as a historical condition implies that, at the very least, this condition is well-controlled.

Further, Defendant has not presented any argument or citation to other authority regarding his medical conditions' impact on his susceptibility to either contracting or having complications from an infection of COVID-19. Simply put, Defendant has not shown that the coronavirus

4

pandemic combined with his medical conditions are "extraordinary and compelling reasons" that warrant a reduction of his sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The Court, in so finding,

> do[es] not mean to minimize the risks that COVID-19 poses in the federal prison system . . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Emergency Motion for Sentence Reduction and Immediate Release Pursuant to U.S.S.C. § 3582(c)(1)(A).

The Court **GRANTS** the Motion to Seal Document [DE 92] and the Motion to Seal [DE 95]. The Court **DIRECTS** the Clerk of Court to **MAINTAIN UNDER SEAL** the filings at docket entries 91-1, 93, 94-6, and 96. The Court further **DIRECTS** the Clerk of Court to **UNSEAL** Motion to Seal Document [DE 92], filed by Defendant on June 1, 2020, and on a Motion to Seal [DE 95] from the motions at docket entries 92 and 95.

SO ORDERED on June 17, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
