**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CR-1-JVB-JEM |
| ) | |
| TRAVIS JAMES BARRETT, ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on an Emergency Motion for Modification and Supplementation of Record [DE 103] and on an Emergency Motion for Release Pending Appeal [DE 104]. Both motions were filed by Defendant Travis James Barrett, pro se, on July 17, 2020. The Government filed a response to the motion to supplement on July 31, 2020. For the reasons below, the Court denies both motions.

## BACKGROUND

Defendant was charged by way of a two-count Indictment on January 19, 2017. He was charged with distribution and possession of child pornography. After a contested detention hearing on January 27, 2017, Magistrate Judge Paul R. Cherry ordered Defendant held without bond pending trial, finding that no condition or combination of conditions could assure the safety of another person or the safety of the community in general because of the nature and circumstances of the offenses charged, the weight of the evidence against Defendant, and the following items recovered following a search warrant: thousands of child pornography photos and videos, multiple firearms and ammunition, marijuana, and a copy of *The Pedophile Handbook*. (Order of Detention 2-3, ECF No. 9).

On January 10, 2019, Defendant pled guilty to the charge of possession of child pornography. At the June 25, 2019 sentencing hearing, Defendant was sentenced to 97 months imprisonment and 10 years supervised release. The distribution of child pornography charge was dismissed on the Government's motion. Defendant appealed the judgment entered in this case, and that appeal remains pending.

On May 1, 2020, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), citing the coronavirus pandemic. The Court denied that motion, and Defendant appealed that decision. This appeal also remains pending.

## ANALYSIS

### A. Motion to Supplement

Defendant asks to supplement the record with fourteen pages of documents. Federal Rule of Appellate Procedure 10 provides:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>   . . .
>    (B) by the district court before or after the record has been forwarded[.]

Fed. R. App. P. 10(e). The first document Defendant included with his motion is a copy of the Order docketed as document 25 in this case. Accordingly, it is already a part of the record and the issue of supplementation is moot as to this document. The other documents are being presented to the Court for the first time. They were not before the Court for consideration of compassionate release, the issue that is now before the appeals court. The documents were neither omitted from the record nor misstated in it. Instead, the documents were never a part of the record. Thus, relief under Rule 10 is not appropriate.

Defendant also asks for leave to amend his motion for compassionate release and to file a surreply. However, because the Court's ruling on the motion for compassionate release is before

the Seventh Circuit Court of Appeals, the District Court does not have jurisdiction over matters

related to that motion. *See United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008) ("The filing

of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court

of appeals and divests the district court of its control over those aspects of the case involved in the

appeal." (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

Accordingly, the motion to supplement the record on appeal is denied.

### B. Motion for Release Pending Appeal

Title 18 section 3143 of the United States Code provides that "a person who has been found

guilty of an offense and sentenced to a term of imprisonment[ ] and who has filed an appeal" shall

be detained pending that appeal unless the Court finds

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>     (i) reversal,
>     (ii) an order for a new trial,
>     (iii) a sentence that does not include a term of imprisonment, or
>     (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

Defendant explicitly states that he is seeking release pending appeal of the denial of the

motion for compassionate release. (Mot. Release 1, ECF No. 104). He does not seek release

pending his initial appeal of the criminal judgment.

Defendant asserts that he has had no disciplinary infractions and is at a low risk for

recidivism and accurately identifies that the U.S. Probation Office recommended that Defendant

be released on pretrial home detention pending trial. These assertions are not evidence, but even if

Defendant supported his assertions with evidence, the Court would still agree with Judge Cherry's

prior finding that Defendant poses a danger to the safety of another person or the community if released and that no condition or combination of conditions would sufficiently mitigate this. Even though Judge Cherry was considering two pending charges against Defendant compared with the undersigned's consideration of only one charge (to which Defendant pled guilty), the amount of child pornography, the firearms and ammunition, and the copy of *The Pedophile's Handbook* found during the execution of a search warrant counsel in favor of keeping Defendant detained pending the outcome of his appeal due to the danger he poses to the community. There must be clear and convincing evidence showing that Defendant is not likely to be a danger, and that simply is not present here.

Further, on appeal, Defendant is seeking, in part, remand "for further proceedings consistent with immediate release from custody and sentence reduction." Appellant's Brief at 17, *United States v. Barrett*, No. 20-2130 (7th Cir. July 29, 2020). Thus, it is unclear that Defendant's appeal has *any* chance of resulting in one of the four results required by 18 U.S.C. § 3143(b)(1)(B), let alone that result being "likely." It certainly would not result in reversal of the conviction or an order for a new trial. Additionally, it does not appear that success on appeal (i.e. a grant of compassionate release) would result in a sentence without a term of imprisonment. Finally, compassionate release would result in release, but it is unlikely that it would be granted in a way that would reduce Defendant's sentence to less than time served as of the date release is ordered, so it would not be "less than the total of the time already served plus the expected duration of the appeal process," especially since he is seeking remand with further proceedings.

Even assuming that a win on appeal would be a result that falls under this fourth category, Defendant has not shown that he has raised a substantial question that shows a win on appeal is likely. In his motion, he recounts the reasons he presented in support of compassionate release in

his original motion to this Court, but he has not grappled with the Court's decision on that motion to show where he believes the Court's analysis is incorrect and on for what reason the Court's decision is likely to be overturned.

Therefore, finding that the circumstances here meet neither requirement of 18 U.S.C. § 3143(b)(1), the motion for release pending appeal is denied.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Emergency Motion for Modification and Supplementation of Record [DE 103] and **DENIES**  the Emergency Motion for Release Pending Appeal [DE 104].

SO ORDERED on August 5, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT