UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>          Plaintiff,    )<br>     )<br>     v.     )<br>     )<br>TRAVIS JAMES BARRETT,     )<br>          Defendant.    ) | CAUSE NO.: 2:17-CR-1-JVB-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Modify or Terminate Supervised Release Conditions Pursuant to 18§3583 [*sic*] and Fed.R.Crim.P.32.1 [DE 196] filed by Defendant Travis Barrett on October 9, 2024. The U.S. Probation Office filed a supplemental report on October 22, 2024, and the Government filed a response on November 6, 2024.

**BACKGROUND**

Barrett was charged in a two-count indictment with distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). On January 10, 2019, Barrett pled guilty to the possession count pursuant to a plea agreement. At the June 25, 2019 sentencing, the Court sentenced Barrett to 97 months of imprisonment followed by ten years of supervised release. The Court imposed restitution in the amount of $25,000 and a special assessment in the amount of $100. The distribution count was dismissed on the government's motion. Barrett appealed his conviction, and the Seventh Circuit Court of Appeals issued a decision affirming this Court's judgment on November 30, 2020. Barrett was released from the Bureau of Prisons to begin his term of supervised release on October 27, 2022.

## ANALYSIS

Barrett has requested the termination of his term of supervised release. Under 18 U.S.C. § 3583(e),

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

A defendant must typically show more than mere compliance with the terms of supervised release in order to receive termination of their term of supervised release—the defendant must convince the sentencing judge that a "new or unforeseen circumstance" warranting termination exists. *United States v. Sanders*, No. 1:07-CR-38, 2022 WL 6690973, at *2 (N.D. Ind. Oct. 11, 2022) (citations omitted).

Barrett contends that supervision "has become superfluous and unnecessary," involving "a greater deprivation of liberty than what is necessary." (Mot. at 2, ECF No. 196). He notes that he has earned an associate's degree in general studies since release from BOP custody and that he is continuing his education by seeking an associate's degree in renewable energy with an ultimate goal of obtaining a bachelor's degree in sustainability. He attends bi-weekly mental health treatment sessions on his own initiative, and he attends his weekly court-ordered sex offender treatment despite the nearly 4-hour roundtrip drive that treatment requires. He states he has complied with the terms of his release and has passed all required testing (polygraph, drug). He points out his credit score, the reliable payments he has made toward his restitution judgment, and the programs he completed during his incarceration. He further notes that he lives with and "assists two disabled and retired parents on a regular basis." *Id.* at 2-3. He asserts that he "has not had any

incidents that would necessitate corrective action." *Id.* at 3. He argues that the terms of his supervised release, including travel restrictions, may make future employment in his chosen field difficult or impossible, and he alludes to constitutional concerns with monitoring software banning social media and dating websites.

The Probation Office and the Government oppose Barrett's request. The Government also informs the Court that two of Barrett's victims, through their attorney, notified the Government that they strongly oppose Barrett's request.

The Government identifies that Barrett has a significant background in information technology and took "intricate steps to possess approximately 15,000 still images and 2,450 videos of child pornography" in addition to having "a search history indicating a desire to 'seduce' a teenager." (Gov't Resp. at 5, ECF No. 202). The Government argues that these matters show a "significant need of supervision." *Id.*

Through 18 U.S.C. § 3583(e) the Court is instructed to consider the following factors before terminating a term of supervised release:

- the nature and circumstances of the offense and the history and characteristics of the defendant

- the need for the sentence imposed to afford adequate deterrence to criminal conduct,

- the need for the sentence imposed to protect the public from further crimes of the defendant,

- the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner,

- the kinds of sentence and the sentencing range established by the sentencing guidelines,

- any pertinent policy statement issued by the Sentencing Commission,

- the need to avoid unwarranted sentence disparities, and

- the need to provide restitution to victims of the offence.

*See* 18 U.S.C. §§ 3553(a), 3583(e).

The Court considers these factors as follows. As the Government identifies, Barrett possesses a significant amount of technological savvy, which he used to stockpile a large amount of child pornography materials, some of which depict acts of torture or violence. His search history also suggests that he was interested in seducing a minor. These matters apply to the first three factors listed above and suggest that termination is not warranted and that supervision is still necessary. Barrett, by his own motion, admits that he has not yet completed the sex offender treatment, so the fourth factor also suggests that supervision should continue. Barrett's sentencing guidelines range was 97 to 121 months of imprisonment with a term of supervised release from five years to life. (Sentencing Tr. 14:9-18, ECF No. 79). Barrett has been on supervised release for just over 2 years at this time. No party has suggested that there is a policy statement for the Court to consider or made an argument regarding sentence disparities. The Court notes that keeping Barrett's term of supervision within his guidelines range helps curb sentence disparities. Barrett notes that he has been paying toward his restitution balance. It is undetermined to what extent being on supervised release has influenced Barrett to keep current with these payments. In general, the factors weigh in favor of denying the request for termination.

Barrett argues that his Court-mandated sex-offender treatment imposes a burden on him due to the travel needed. The Probation Office has provided more context: the office has, despite its efforts, not been able to contract with any appropriate providers in Barrett's geographic area (Lafayette, Indiana). Barrett was given the choice of attending treatment with a non-contract provider in his area (for which Barrett would bear the cost), or attending treatment with a contract provider at no cost to him but at a greater distance. Barrett chose to attend sessions at Chesterton, Indiana, even though there was a closer contract provider (in Crown Point, Indiana) due to Barrett's

4

schedule. Barrett's provider has worked with him to allow for telehealth sessions during poor weather and driving conditions.

Barrett's travel has been restricted but not outright forbidden. Instead, travel has been subject to approval by the probation department, which has approved travel to Chicago and Indianapolis as well as a weeklong trip to Virginia and New York with his mother earlier this year. Additionally, Barrett's argument that he will need to be able to travel significantly in order to work in his chosen career field is, at this time, still speculative. Barrett still has his current associate's degree to complete and then his bachelor's degree before he seeks such employment.

The Probation Office directly disputes Barrett's argument regarding monitoring software banning social media and dating websites, asserting that they have placed no such restrictions on Barrett and that he has not raised any such concerns directly with them.

The Court commends Barrett for his compliance with the terms of his supervised release, but this compliance does not justify an early termination of his supervised release. The Court, having considered the relevant § 3553(a) factors, is not satisfied that termination of Barrett's term of supervised release is warranted by Barrett's conduct and the interest of justice.

## CONCLUSION

Therefore, the Court hereby **DENIES** the Motion to Modify or Terminate Supervised Release Conditions Pursuant to 18§3583 and Fed.R.Crim.P.32.1 [DE 196].

SO ORDERED on December 3, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT