UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TRAVIS JAMES BARRETT | Case No. 2:17-CR-1-GSL-JEM |

## OPINION AND ORDER

This matter is before the Court on Defendant Travis Barrett's Motion to Modify Conditions of Supervised Release. Defendant, proceeding *pro se*, filed the Motion on June 15, 2026, at [DE 204]. The Government filed a Response in Opposition on July 15, 2026, at [DE 208]. Probation also filed a Response in Opposition on July 16, 2026. [*See* DE 209-211]. Defendant replied on July 29, 2026, at [DE 212]. Under the requirements of Fed. R. Crim. P. 32.1(c), Defendant was appointed counsel on September 24, 2026, [DE 213-14], and a hearing on the Motion was held on November 12, 2026, [DE 217]. For the reasons below, the Court **DENIES** Defendant's request to modify the conditions of his supervised release.

## BACKGROUND

On January 10, 2019, Defendant pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). [DE 47]. At the June 25, 2019, sentencing, the Court sentenced Defendant to 97 months of imprisonment followed by ten years of supervised release. [DE 79 at 40-42]. In doing so, the Court noted a number of circumstances that made the sentence appropriate under the 18 U.S.C. § 3553(a) factors, including the fact that Defendant was convicted of possessing "a large collection" of child pornography, had "admit[ed] a preference for young boys," had searched for phrases such as "how to seduce a boy," and had downloaded a file entitled the "pedophile handbook." [*Id.* at 56-61]. In total, Plaintiff had possessed 15,000

photos and over 2,000 videos of child pornography, including content depicting "torture and violence against children." [DE 53 at 5].

Defendant's terms of supervised release included, as relevant here, conditions related to polygraph testing and computer/telephone monitoring software. [DE 204 at 1]. Condition 32 requires Mr. Barrett to "participate in an approved psychological and behavioral testing, evaluation, and assessment program … as directed by the probation officer." [DE 69 at 6]. The Condition further notes that "[p]hysiological testing, including plethysmograph testing … may allow the probation officer … to assess [Defendant's] progress in treatment." [DE 59 at 10-11; DE 79 at 56]. Condition 33 requires Defendant to "allow the probation department, or its designees, to install computer-monitoring software on any computers as defined in 18 U.S.C. § 1030(e)(1) and phones that are within his possession and control." [DE 59 at 11-12; DE 69 at 6; DE 79 at 56]. Condition 33 was instated to "reduce the risk of recidivism and to provide public protection and defendant rehabilitation." [DE 59 at 12].

Defendant completed his term of imprisonment on October 27, 2022. [DE 146]. Since then, Defendant has complied with all elements of his supervised release. [DE 209]. Defendant has also completed group sex offender therapy and "is approaching completion" of a bachelor's degree with a 4.0 grade point average. [DE 204 at 2-3]. Defendant has undergone seven polygraph tests since 2022, all of which have recorded "no significant reaction," the polygraph equivalent of a "pass." [DE 209 at 2]. As a result, in 2026 Probation reduced the frequency of required testing to once a year. [*Id.*].

On June 15, 2026, Defendant filed the instant motion requesting the elimination of Conditions 32 and 33 from his supervised release conditions. [DE 204 at 1]. He argues that the conditions are no longer necessary, "impose[] a greater deprivation of liberty than is warranted,

and [are] inconsistent with [his] demonstrated rehabilitation." [*Id.*] The Government opposes the modification unilaterally. [*See* DE 208]. Probation, while noting that "sex offender treatment and polygraph testing condition[s] should remain in effect," stated that it "does not object to" a suspension (rather than full elimination) of Condition 33, the computer/telephone monitoring. [DE 209 at 2].

## LEGAL STANDARD

18 U.S.C. § 3583(e)(2) permits a court to "modify, reduce, or enlarge" a defendant's supervised release terms. When a defendant moves to modify his conditions, "the district court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present information in mitigation." *United States v. Broadfield*, 178 F.4th 1102, 1108 (7th Cir. 2026) (citing Fed. R. Crim. P 32.1(c)). The court must then consider the request while weighing the "factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[.]" 18 U.S.C. § 3583(e)(2). That includes "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Additionally, the court must evaluate how any modification would reasonably relate to "affording adequate deterrence to criminal conduct, protecting the public from further crimes of the defendant, and providing the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Broadfield*, 178 F.4th 1109 (citations omitted). The decision must consider the kinds of sentences and sentencing range for the category of offense committed, pertinent policy statements from the Sentencing Commission, the need to avoid unwarranted sentencing disparities among similar defendants, and any necessary restitution. 18 U.S.C. § 3553(a)(4)-(7). The district court has "wide discretion

in modifying the terms of [] supervised release." *United States v. Sines*, 303 F.3d 793, 800 (7th Cir. 2002).

**DISCUSSION**

Defendant argues that his compliance with supervised release terms, completion of group therapy, notable academic achievement, caregiver responsibilities, and pending entry into the workforce all counsel in favor of removing his polygraph and computer/telephone monitoring conditions. [DE 204 at 2-4]. Defendant also states, and counsel further elaborated the point at oral argument, that the conditions impose financial and personal burdens, including a payment of $90 per month. [*Id.* at 4-5]. In response, the Government argues that the digital nature and severity of Defendant's offense indicate that the polygraph and monitoring remain crucial to "monitoring the Defendant's conduct, preventing relapse, and hold[ing] him accountable to ensure he is not accessing or attempting to access child sexual abuse material." [DE 208 at 7-8].

Probation asks this Court to maintain both conditions but is unopposed to a "suspension of the internet monitoring software." [DE 209 at 2]. Suspension of the computer monitoring condition "would allow the probation officer to require reinstallation of the monitoring software should any issues arise." [*Id.*]. The Government counters that suspension of the computer monitoring would leave probation with inadequate tools—mainly manual searches—to evaluate Defendant's supervision compliance.

The Court commends Defendant for nearly four years of compliance with his supervised release terms and his recent academic success. However, the Court remains unpersuaded, at least at this juncture, that a suspension of Defendant's conditions is appropriate under the § 3583(e) factors.

Conditions 32 and 33 remain necessary to deter further criminal conduct, to help Defendant stay his current treatment course, and to protect the public. This is especially true considering the circumstances of Defendant's offense. Defendant has twenty years of experience as an information technology professional, and previously amassed thousands of files of child pornography without detection. [DE 208 at 2-3].

The two conditions at issue—constant electronic monitoring paired with a polygraph's more substantial yearly inquiry—work in tandem to ensure Defendant does not reoffend. The computer and electronic monitoring software allows Probation to monitor Defendant around the clock, receiving alerts for concerning keystrokes or web visits. Without that monitoring, oversight would be largely reduced to random manual checks of Defendant's electronics that last for about 5 to 10 minutes. Despite Defendant's progress, considering the magnitude and covert nature of Defendant's prior offense, those rudimentary checks would be woefully insufficient for monitoring Defendant's activity.

Although Defendant argues that polygraph tests alone would detect relapses, the Court notes that Probation has already reduced Defendant's polygraph incidence to one test per year. [DE 209 at 2]. Considering that Defendant is just four years into his ten-year supervision period, the Court believes following this polygraph reduction with a total suspension of electronic monitoring would be premature. At this stage, the real-time detection of electronic monitoring, paired with the polygraph's ability to screen for subtler signs of backsliding, both remain necessary for Defendant's rehabilitation journey and the public's safety.

Additionally, Defendant has expressed concerns about monitoring software limiting his employment prospects. [DE 204 at 1]. However, Probation has assured that it will not—and does

not have the ability to—monitor employer electronic devices. [DE 209 at 2]. Condition 33 therefore will not extend to employer technology and the point is moot.

Defendant is correct that rehabilitation and reintegration are two prominent goals of supervised release. And Defendant is correct that these goals often make for gradually less austere terms of release over time. Here, however, Defendant is not yet halfway through his supervised release. [DE 204 at 1-2]. And Probation has already let off the brake slightly by reducing the frequency of Defendant's polygraphs. Given Defendant's promising trajectory, the Court worries that the total elimination of these tools would be too much too soon.

Having considered the relevant § 3553(a) factors, the Court is not persuaded that modification of the terms of Defendant's supervised release is appropriate at this time.

## CONCLUSION

For the reasons above, the Court **DENIES** Defendant's Motion to Modify Supervised Release Conditions [DE 204].

SO ORDERED.

ENTERED: November 23, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court